1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBRA S. O'NEAL,

                    Plaintiff,

        v.

STATE FARM FIRE AND CASUALTY
COMPANY,

                    Defendant.

CASE NO. C23-0232-KKE

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant State Farm Fire and Casualty Company's

("State Farm") motion for summary judgment on Plaintiff Debra O'Neal's breach of contract and

Insurance Fair Conduct Act ("IFCA") claims.  Dkt. No. 17.  For the below reasons, the Court

grants in part and denies in part State Farm's motion for summary judgment.

## I.    BACKGROUND

In May 2019, State Farm issued a renewal certificate for a renters policy number 47-BT-

G139-9 ("Policy") to O'Neal to insure her personal property, among other things, from June 28,

2019, to June 28, 2020.  Dkt. No. 18-1 at 3.  O'Neal alleges that during this policy period, she

stored many of her personal items at a storage facility owned by Friends & Family Moving &

Storage ("Friends & Family").  Dkt. No. 1-1 ¶ 3.5.  For purposes of this motion, the parties agree

that O'Neal discovered her personal items were missing on March 18, 2020.  Dkt. No. 17 at 3, Dkt. No. 25 at 3.  While the record is unclear on when O'Neal formally submitted her claim to State Farm, State Farm confirmed receipt of the claim by letter dated August 5, 2020.  Dkt. No. 15 at 15.  Over the next 15 months, the parties exchanged information and investigated the claim. O'Neal also brought a civil action against Friends & Family in King County Superior Court.[1]  Dkt. No. 24-8.  On November 15, 2021, State Farm denied O'Neal's claim, explaining that "there isn't evidence to support that the items were stolen or damaged from one of the listed named perils in the policy."  Dkt. No. 24-11 at 1.

O'Neal brought a lawsuit arising from this claim against State Farm on October 5, 2022. Dkt. No. 24-1.  O'Neal then voluntarily dismissed that case (Dkt. No. 24-3) "in order to comply with the 20-day notice requirement" under IFCA.  Dkt. No. 24 ¶ 3.

On October 20, 2022, O'Neal mailed the following items to the Office of the Insurance Commissioner ("OIC") by first-class certified USPS mail: an IFCA coversheet; a signed summons dated October 4, 2022; and a verified King County complaint against State Farm dated October 5, 2022. Dkt. No. 18-15.  OIC received this package on October 24, 2022. *See* Dkt. No. 24-5.[2]  This mailed complaint is the same complaint filed in this action.  *Compare* Dkt. No. 18-15 at 6–14, *with* Dkt. No. 1-1.  O'Neal's complaint asserts two causes of action: breach of contract and violations of IFCA.  Dkt. No. 1-1 ¶¶ 4.1–4.14.

On November 28, 2022, O'Neal mailed a letter to State Farm and included "copies of an IFCA cover sheet and a summons and complaint."  Dkt. No. 18 ¶ 10.  State Farm received these documents on December 5, 2022.  *Id.*

---

[1] O'Neal obtained a default judgment against Friends & Family for $90,500.36 plus interest, costs, and fees.  Dkt. No. 24-9.

[2] Available online at: https://www.insurance.wa.gov/sites/default/files/documents/2021-2022-notices-of-potential-lawsuits_67.pdf.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1

2

3

On January 10, 2023, State Farm was properly served with this lawsuit through OIC.[3]  Dkt. No. 18 ¶ 13, Dkt. No. 24 ¶ 6.  On February 16, 2023, State Farm removed the case to this court. Dkt. No. 1.

4

5

6

7

8

9

On October 20, 2023, State Farm filed this motion for summary judgment, arguing (1) the breach of contract claim should be dismissed as untimely, (2) the IFCA claim should be dismissed because O'Neal did not provide the required pre-suit notice to State Farm and OIC, and (3) O'Neal's loss is not covered under the Policy.  Dkt. No. 17.  O'Neal filed a response.  Dkt. No. 25.[4]  State Farm did not file a reply.  The Court heard oral argument on January 31, 2024, and the motion is now ripe for a decision.  Dkt. No. 40.

10

## II.   ANALYSIS

11

### A.   Legal Standard

12

13

14

15

16

17

18

To succeed on its motion, State Farm must show "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law[.]"  *Id.*  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150–51 (2000).

19

20

21

[3] Wash. Rev. Code § 48.05.200(1) ("Service upon the commissioner as attorney constitutes service upon the insurer. Service of legal process against the insurer can be had only by service upon the commissioner[.]").

22

23

24

[4] O'Neal confirmed at the hearing that this response was also intended to be an affirmative motion.  Dkt. No. 25 at 2 ("Plaintiff counter moves the court for summary judgment and dismissal of Defendant's affirmative defenses of lack of proper service and expired statute of limitations.").  The Court declines to consider O'Neal's response as a separate motion because State Farm did not allege an affirmative defense of lack of service (Dkt. No. 8 at 5–6) and because no response, reply, or proposed order were filed, nor were other procedural requirements met (*see* Local Rules W.D. Wash. LCR 7(b)(1)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**B.      The Breach of Contract Claim Is Untimely.**

The Policy states: "Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage."  Dkt. No. 18-1 at 19.  This limitation is enforceable in property insurance contracts in Washington.  *See* WASH. REV. CODE § 48.18.200(1)(c).  At oral argument, State Farm conceded that the contractual limitations period began to run on November 15, 2021, the date of the claim denial letter.  Therefore, to survive State Farm's motion, O'Neal must have "started" this action by November 15, 2022.

O'Neal filed her first lawsuit against State Farm on October 5, 2022.  Dkt. No. 24-1. However, O'Neal voluntarily dismissed that case (Dkt. No. 24-3), so it did not toll the limitations period.  *See Camper v. State Farm Fire & Cas. Co.*, No. C20-5283 TLF, 2021 WL 1922976, at *1 (W.D. Wash. May 13, 2021) ("Under both Washington case law and federal case law, a suit filed after a voluntary dismissal is not treated as a continuation of the previous suit, rather the Court must proceed as if the previous suit had never been filed.").

Next, on October 20, 2022, O'Neal sent an IFCA notice and copy of this complaint to the OIC IFCA Claim Notification department.  Dkt. No. 18-15.  All other efforts to file and serve this complaint occurred after November 15, 2022 (*see* Dkt. No. 24 ¶¶ 5–6).  Specifically, it is undisputed that State Farm was not served until January 10, 2023 (Dkt. No. 18 ¶ 13, Dkt. No. 24 ¶ 6), and this case was filed in this Court (via removal of the unfiled action) on February 16, 2023. Dkt. No. 1.

The question is therefore whether O'Neal's October 22, 2022 IFCA notice to OIC was sufficient to "start" the action under the Policy's limitations clause.  Under Washington law, a lawsuit is commenced upon the earlier of the service of the defendant or the filing of the complaint:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

WASH. REV. CODE § 4.16.170.

Because it is undisputed that O'Neal's contract claim was neither served nor filed before November 15, 2022, O'Neal's contract claim is untimely and is dismissed. *Smyth v. State Farm Fire & Cas. Co.*, No. C05-838JLR, 2005 WL 2656993, at *2 (W.D. Wash. Oct. 18, 2005) (interpreting the same policy language to require commencing a lawsuit (as defined in § 4.16.170) within one year); *see also Wothers v. Farmers Ins. Co. of Washington*, 5 P.3d 719, 721 (Wash. Ct. App. 2000) (holding that § 4.16.170 applies to contractual limitations periods as well as statutes of limitation).

**C.   O'Neal Complied with the IFCA 20-Day Pre-Suit Notice Requirement.**

Before bringing an IFCA action against an insurer, "a first party claimant must provide written notice of the basis for the cause of action to the insurer and the office of the insurance commissioner." WASH. REV. CODE § 48.30.015(8)(a). State Farm conclusively argues "O'Neal never mailed a proper IFCA notice to OIC, and she never mailed **any** IFCA notice to State Farm." Dkt. No. 17 at 12. State Farm ignores the undisputed evidence.

O'Neal provided an IFCA coversheet, summons, and complaint to OIC by certified mail on October 20, 2022 (Dkt. No. 18-15), and OIC confirmed it received this notice on October 24, 2022 (Dkt. No. 24-5). This mailing meets the statutory requirements for the 20-day pre-suit notice to OIC and State Farm provides no authority to the contrary. *See* WASH. REV. CODE

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

§ 48.30.015(8)(a) (requiring "written notice of the basis for the cause of action" by "regular mail, registered mail, or certified mail with return receipt requested").

O'Neal provided the same documents to State Farm on November 28, 2022, which State Farm received on December 5, 2022. Dkt. No. 18 ¶ 10. At oral argument, State Farm asserted that this mailing was insufficient because O'Neal "characterized" its mailing as official service of her complaint, rather than delivery of its 20-day IFCA notice. State Farm provides no authority to support this argument. The Court is not convinced that a party's "characterization" of a mailing dictates its legal impact. Moreover, the parties agree that, at minimum, State Farm was officially served with this complaint on January 10, 2023, more than 20 days before State Farm removed the unfiled action to this Court. Dkt. No. 18 ¶ 13, Dkt. No. 24 ¶ 6. Under any understanding of the facts, O'Neal satisfied the pre-suit notice requirement for an IFCA claim.

**D.  Disputed Issues of Material Fact Preclude Summary Judgment on Coverage.**

State Farm also asks the Court to hold that O'Neal's losses are not covered by her Policy. "In Washington, insurance policies are construed as contracts." *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000). "An insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id.* If the language of the policy is clear and unambiguous, the court must enforce the policy as it is written and may not modify the policy or create ambiguity where none exists. *Pub. Util. Dist. No. 1 v. Int'l Ins. Co.*, 881 P.2d 1020, 1025 (Wash. 1994). If the policy has ambiguous language, ambiguities are "resolved against the drafter-insurer and in favor of the insured." *Weyerhaeuser*, 15 P.3d at 122.

The Policy covers "**Theft**, including attempted theft and loss of property from a known location when it is probable that the property has been stolen." Dkt. No. 18-1 at 14. State Farm argues O'Neal cannot show her claim is covered as "theft" under the Policy because she cannot

show the requisite criminal intent and that "the only reasonable inference is that O'Neal rented a storage unit, failed to make payment, and had the contents repossessed." Dkt. No. 17 at 13. O'Neal responds that the Policy's coverage for theft does not require criminal intent and that various facts make it "probable that the property has been stolen." Dkt. No. 25 at 13–16.

Regardless of whether criminal intent is required, State Farm does not provide undisputed evidence of "repossession" or conversion of O'Neal's property. First, State Farm's argument that the lack of documentation reflecting monthly payments to Friends & Family is evidence of a failure to pay (Dkt. Nos. 18-4–18-7) is directly contradicted by the O'Neal declaration from the King County suit against Friends & Family (provided by State Farm) that declares under penalty of perjury that she "paid monthly rent according to the defendant' [sic] storage contract" (Dkt. No. 18-12 ¶ 5). Second, State Farm cites to a letter from O'Neal's counsel describing the facts as evidence of mere conversion. Dkt. No. 17 at 13 (citing to Dkt. No. 18-9 at 2 ("Rather than a break-in that resulted in loss of property, it is a case of a business apparently shutting its doors and absconding with property.")). This letter is not evidence of what occurred, but even if it were, "absconding with property" suggests criminal intent by Friends & Family, once again undermining State Farm's narrative. *See Abscond*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("1. To depart secretly or suddenly, esp. to avoid arrest, prosecution, or service of process. 2. To leave a place, usu. hurriedly, with another's money or property."). Lastly, State Farm argues "[t]he police concluded that this is a civil dispute over lost property, not theft." Dkt. No. 17 at 13. The police report does not say this, but merely documents the reported loss. Dkt. No. 18-11.

In sum, construing the facts in the light most favorable to O'Neal, disputed issues of fact remain regarding the cause of her loss. These factual issues prohibit a determination on summary judgment of whether O'Neal's claim is covered under the Policy and as such State Farm's motion is denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.   CONCLUSION

For the above reasons, the Court GRANTS IN PART and DENIES IN PART State Farm's motion for summary judgment.  Dkt. No. 17.  O'Neal's breach of contract claim is dismissed with prejudice.


Dated this 8th day of March, 2024.


_____
Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8