UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA S. O'NEAL,<br><br>           Plaintiff,<br><br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>           Defendant. | CASE NO. C23-0232-KKE<br><br>ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Plaintiff Debra O'Neal's motion for judgment on the pleadings to dismiss each of Defendant State Farm Fire and Casualty Company's ("State Farm") affirmative defenses. Dkt. No. 42.[1] State Farm filed an opposition (Dkt. No. 55), and O'Neal filed a reply (Dkt. No. 58[2]). O'Neal requested oral argument on her motion, but the Court finds it suitable for disposition on the parties' briefing. Fed. R. Civ. P. 78(b); Local Rules W.D. Wash. LCR 7(b)(4). For the following reasons, the Court denies O'Neal's motion.

---

[1] O'Neal's motion does not comply with the Local Rules because it does not contain a certification as to the number of words. *See* Local Rules W.D. Wash. LCR 7(e)(6) ("When word limits apply, the signature block shall include the certification of the signer as to the number of words, substantially as follows: 'I certify that this memorandum contains ____ words, in compliance with the Local Civil Rules.'"). Counsel is reminded to comply with the Local Rules in all future filings.

[2] O'Neal's reply does not comply with Local Civil Rule 7(e)(4) ("Reply briefs shall not exceed 2,100 words[.]") because it is overlength. *See* Dkt. No. 58 at 8 (certifying the reply contains 2,175 words).

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS - 1

# I.  RELEVANT BACKGROUND

This case arises from a dispute over coverage under a property insurance policy. *See* Dkt. No. 1-1. On February 16, 2023, State Farm removed this (unfiled) case to this Court. Dkt. No. 1. On February 23, 2023, State Farm filed an answer and affirmative defenses to the complaint. Dkt. No. 8. Nearly a year later, on February 8, 2024, O'Neal filed this motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing State Farm's affirmative defenses "are not sufficiently pled as a matter of law." Dkt. No. 42 at 5. In opposition, State Farm argues that O'Neal's motion for judgment on the pleadings is an ill-disguised motion to strike under Federal Rule of Civil Procedure 12(f) and should be denied as untimely. Dkt. No. 55 at 3.[3]

# II.  ANALYSIS

### A.  O'Neal's Motion Is a Motion to Strike Under Rule 12(f).

O'Neal argues State Farm's affirmative defenses are insufficiently pleaded. Dkt. No. 42 at 4–13. O'Neal does not argue that any of the affirmative defenses fail substantively as a matter of law. *Id.* Thus, O'Neal's motion is more properly considered a motion to strike under Federal Rule of Civil Procedure 12(f). *Wheeler v. Wells Fargo Home Mortg., Inc.*, No. C14-117RSL, 2015 WL 11233095, at *2 (W.D. Wash. Mar. 9, 2015) ("The sole colorable basis for plaintiffs' motion is that defendant did not adequately plead their affirmative defenses. In this respect, plaintiffs' motion should be construed as bringing a motion to strike defenses under Fed. R. Civ. P. 12(f)."); *Jou v. Adalian*, No. 15-00155 JMS-KJM, 2017 WL 3624340, at *4 (D. Haw. Aug. 23, 2017) ("Here, Plaintiff simply claims that the majority of affirmative defenses are boilerplate and conclusory—i.e., they are insufficient as pled. The court thus construes the Motion as being

---

[3] State Farm also argues that O'Neal's motion for judgment on the pleadings should be denied as a contemporaneous dispositive motion under Local Civil Rule 7(e), and that the affirmative defenses are sufficiently pled, providing additional explanation and citations for each of the affirmative defenses. Dkt. No. 55 at 4–10. Because the Court finds the motion untimely, the Court need not reach these issues.

brought pursuant to Rule 12(f)."); *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:15-cv-01401-BEN-MDD, 2018 WL 11423864, at *1 (S.D. Cal. Dec. 6, 2018) (analyzing a Rule 12(c) motion for judgment on the pleadings seeking to dismiss affirmative defenses as a motion to strike under Rule 12(f) and finding it untimely); *Doe v. Freeburg Cmty. Consol. Sch. Dist. No. 70*, No. 10-cv-458-JPG, 2012 WL 4006333, at *1 (S.D. Ill. Sept. 12, 2012) ("The plaintiff's motion for judgment on the pleadings is tantamount to a motion to strike insufficient defenses pursuant to Rule 12(f).").

### B. O'Neal's Motion Is Untimely.

Motions to strike under Federal Rule of Civil Procedure 12(f) must be made "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). O'Neal's effort to strike State Farm's affirmative defenses as insufficiently pleaded is 11 months too late.

Beyond the dispositive tardiness of O'Neal's motion, the Court notes that at least two other factors make this outcome just. First, O'Neal's chief concern is an alleged lack of clarity regarding the basis for State Farm's affirmative defenses. Dkt. No. 42 at 8–10. As a practical matter, this concern has been largely alleviated via the additional information provided in State Farm's responsive briefing (Dkt. No. 55 at 6–10). Moreover, O'Neal can still seek discovery from State Farm regarding the factual basis for its affirmative defenses should she so choose. Second, even if the Court had considered O'Neal's motion under the Federal Rule of Civil Procedure 12(c) standard, the motion would be untimely. Fed. R. Civ. P. 12(c) (judgment on the pleading must be brought "early enough not to delay trial"). If any part of O'Neal's Rule 12(c) motion was granted, State Farm would be granted leave to amend. While the trial is currently set for October 2024, it was extended due to the medical needs and unavailability of State Farm's lead counsel. Dkt. No. 57. Thus, any leave to amend would require further extending the case schedule, which has already

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS - 3

been negotiated and extended.  Dkt. Nos. 30–41, 43–45, 49–51, 53, 57.  Given this procedural history and the current case schedule, O'Neal's motion is untimely under Rule 12(c) or Rule 12(f).

### III.  CONCLUSION

For these reasons, the Court DENIES O'Neal's motion.  Dkt. No. 42.

Dated this 21st day of March, 2024.

Kymberly K. Evanson
United States District Judge