UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA S. O'NEAL,<br><br>              Plaintiff,<br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>             Defendant. | CASE NO. C23-0232-KKE<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND DEADLINE TO CHALLENGE EXPERT TESTIMONY |

This matter comes before the Court on Defendant State Farm Fire and Casualty Company's ("State Farm") motion to continue the deadline to challenge expert witness testimony. Dkt. No. 80. Plaintiff Debra S. O'Neal objects to continuing the deadline, arguing State Farm was not diligent and she would be prejudiced by extending the deadline because such motions practice would distract from trial preparation. Dkt. No. 86. The briefing is complete[1] and the matter is ripe for the Court's consideration.

Both parties make their arguments under Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 16(b)(6), but because State Farm seeks to extend one deadline, not the case schedule, and the deadline has already expired, the motion is more properly considered under Rule

---

[1] State Farm is correct that O'Neal's response is untimely. Dkt. No. 88 at 1 (explaining the response was due August 10th under Local Rule 7(d)(2), but was filed August 14th). Because State Farm also erred by incorrectly noting their motion, the Court will not strike O'Neal's untimely response. *See* Dkt. No. 80 (noting motion for eight days after filing, instead of at least 14 days as required by Local Rule 7(d)(2)).

ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND THE DEADLINE TO
CHALLENGE EXPERT TESTIMONY - 1

6(b)(1)(B) which allows the Court to extend a deadline for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine excusable neglect under Rule 6, the court considers

> (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*Kaiser v. Herrington*, No. 3:22-CV-05944-TL-GJL, 2023 WL 3383002, at *1 (W.D. Wash. May 11, 2023) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Excusable neglect "covers cases of negligence, carelessness, and inadvertent mistake." *Id.* (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000)). The test "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, the deadline to challenge expert testimony was June 28, 2024 (Dkt. No. 57) and was well known to the parties. *See* Dkt. Nos. 70, 72 (stipulating to extend the expert deposition deadlines until July 2024, while acknowledging "[t]he deadline to file dispositive motions and expert challenges is June 28, 2024"). State Farm should have requested an extension of the deadline to challenge expert testimony as part of the stipulation extending the time in which to take expert depositions, but it did not. State Farm has not shown the reason for delay was outside its control or otherwise reasonable.

While the "reason for delay" factor does not favor granting State Farm's extension, the remaining factors do, and outweigh State Farm's lack of excuse for its delay. Starting with the first factor, O'Neal explains she will suffer prejudice if locked in motions practice before trial. Dkt. No. 86 at 5. The Court has addressed these concerns by expediting the briefing schedule for any potential motions and reducing the applicable page limits. Further, the Court is granting both

ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND THE DEADLINE TO
CHALLENGE EXPERT TESTIMONY - 2

parties the ability to file a motion to challenge the other party's expert. These limitations will also ensure any delay or impact on other deadlines, the second factor, is minimal. As to the last factor, O'Neal does not allege State Farm is acting in bad faith.

The Court also finds that granting this extension with the limitations provided will serve the parties and the Court by streamlining evidentiary issues for trial. *See Uhlarik v. Nat'l R.R. Passenger Corp.*, No. C18-5788 BHS, 2022 WL 789492, at *1 (W.D. Wash. Feb. 16, 2022) (granting a motion to extend the deadline to challenge expert testimony because "Amtrak's failure to timely file a *Daubert* motion would not make the testimony admissible if it is not"); *see McClure v. Country Life Ins. Co.*, 795 F. App'x 548, 549 (9th Cir. 2020) ("Even assuming that McClure's challenge to the expert's testimony was untimely, district courts still must perform a gatekeeping role with respect to expert testimony." (cleaned up)).

Accordingly, the Court GRANTS IN PART State Farm's motion to continue the deadline to challenge expert testimony. Dkt. No. 80. But the Court DENIES State Farm's requested briefing timeline and schedule. *Id.*

Either party may file a motion challenging the other party's expert testimony by August 30, 2024. Due to the need for an expedited briefing schedule to accommodate other pretrial deadlines, any motion shall be filed in accordance with Local Rule 7(d)(3). The motion shall be noted for no later than 21 days after filing and the length of the briefs is limited as provided in Local Rule 7(e)(4).

Dated this 19th day of August, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND THE DEADLINE TO CHALLENGE EXPERT TESTIMONY - 3