UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA S. O'NEAL, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | CASE NO. C23-0232-KKE <br><br> ORDER DENYING MOTION TO COMPEL MEDIATION |

This matter comes before the Court on Plaintiff's motion to compel mediation. Dkt. No. 90. Defendant opposed the motion (Dkt. No. 96) and Plaintiff replied (Dkt. No. 99). Neither party requested oral argument and the matter is ripe for the Court's consideration. Because Defendant opposes mediation and Plaintiff fails to explain how involuntary mediation could be productive in this case, the Court denies the motion.

This is an insurance coverage dispute. The case is set for a 5-day jury trial on October 28, 2024. Dkt. No. 57. Plaintiff asks the Court to compel Defendant to participate in mediation under Local Civil Rule 39.1(c)(4), which provides for pro bono mediation services when one or both parties cannot afford to pay the anticipated fee for services of a mediator. Dkt. No. 90 at 1 (citing Local Rules W.D. Wash. LCR 39.1(c)(4)). Plaintiff's argument that the Court should compel such mediation is based on (1) the parties' statement in the joint status report that they "will engage in informal settlement discussions and private mediation if settlement discussions are not successful"

ORDER DENYING MOTION TO COMPEL MEDIATION - 1

(Dkt. No. 90 at 4 (citing Dkt. No. 12)); and (2) subsequent conversations between counsel where Defendant represented an interest in participating in mediation (Dkt. No. 90 at 4–6, Dkt. No. 99).

While the Local Rules allow the Court to order a party to participate in mediation (LCR 39.1(a)(4), (c)(1)), and certain circumstances may warrant such compulsion, Plaintiff has not shown a forced mediation is warranted here over Defendant's objection.

The Court reminds the parties that *voluntary* participation in mediation is encouraged and that pro bono mediation services are available when one party cannot afford the costs and *both* parties agree to mediate. To be clear, pro bono mediation is free of charge to both parties. The parties are also reminded that under Local Rule 39, notice of any settlement must be provided to the Court "as soon as possible but no later than five (5) days before the day on which the case is set; otherwise jury expenses incurred by the government, if any, shall be paid to the clerk by the parties agreeing to such settlement or waiver." LCR 39(d).

Plaintiff's motion to compel mediation is DENIED. Dkt. No. 90.

Dated this 24th day of September, 2024.

                                    */s/ Kymberly K. Evanson*
                                    Kymberly K. Evanson
                                    United States District Judge