UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA S. O'NEAL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　　Defendant. | CASE NO. C23-0232-KKE<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT |

Plaintiff Debra O'Neal sues Defendant State Farm Fire and Casualty Company ("State Farm") under the Washington Insurance Fair Conduct Act ("IFCA") for its handling and denial of her claim for coverage of personal property allegedly stolen from a storage facility. Dkt. No. 1-1. State Farm now moves to exclude O'Neal's claims-handling expert Robert J. Worth, arguing he is unqualified and that certain of his opinions are inadmissible legal conclusions. Dkt. No. 94. While the Court will not exclude Worth's testimony, the parties are reminded that no expert will be permitted to testify to legal conclusions.

### I.   ANALYSIS

**A.   Legal Standard**

A "district court may [] exclude expert testimony entirely if it fails to meet the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)." *Kauffman v. Manchester Tank & Equip. Co.*, 203 F.3d 831, 831 n. 1 (9th Cir. 1999); *see also*

*Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 952–53 (9th Cir. 2011).  To be admissible under *Daubert* and Rule 702, expert testimony must be reliable and relevant.  *Avocent Redmond Corp. v. Rose Elecs.*, No. C06-1711RSL, 2013 WL 12121578, at *1 (W.D. Wash. Mar. 8, 2013) (citing *Daubert*, 509 U.S. at 594–95); *see also* Fed. R. Evid. 702 (explaining that expert testimony is admissible if "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue").  Reliability requires that the expert's testimony have "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999).  If the testimony concerns "non-scientific" issues, the reliability inquiry "'depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it.'"  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quoting *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)).  "Relevancy simply requires that the evidence logically advance a material aspect of the party's case."  *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (cleaned up).

**B.     Worth Can Testify on Insurance Claims Handling Practices.**

State Farm argues that Worth is only qualified to opine in California insurance cases, not Washington cases. Dkt. No. 94 at 4.  But State Farm ignores Worth's significant experience in the insurance industry across the country. Dkt. No. 103 at 6.  On this record, Worth's experience, or lack thereof, in Washington law is a proper ground for cross-examination, but not a sufficient basis for exclusion. *Daubert*, 509 U.S. at 596 ("Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").  Similarly, the substance of Worth's opinion and whether he considered all the evidence is an appropriate topic for State Farm's cross-examination and defense, but is not a reason to exclude Worth.

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT - 2

Accordingly, Defendant's motion to exclude Worth is denied.

### C. Worth Cannot Testify as to Legal Conclusions.

State Farm also argues that Worth's report and intended testimony includes impermissible legal conclusions. Dkt. No. 94 at 2–3. O'Neal responds that Worth's testimony explaining "why State Farm acted in bad faith and in what ways State Farm failed to meet their standard" (Dkt. No. 98 at 7) is not a legal conclusion and is the type of testimony commonly provided by experts in bad faith insurance cases. *Id.* at 5–9.

The Ninth Circuit has "repeatedly affirmed" that an expert cannot offer "'an opinion on an ultimate issue of law.'" *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (quoting *Hangarter*, 373 F.3d at 1016). However, "experts may testify about industry standards, and the reasonableness of an insurer's claims handling is generally an issue of fact." *King v. GEICO Indem. Co.*, 712 F. App'x 649, 651 (9th Cir. 2017); *see also Ledcor Indus. (USA) Inc. v. Va. Sur. Co.*, No. C09-1807 RSM, 2012 WL 254251, at *2 (W.D. Wash. Jan. 26, 2012) ("While an expert witness may testify that an insurer deviated from industry standards on the issue of bad faith, he may not reach an actual legal conclusion that the insurer did so.").

The Court finds that at various points in Worth's expert report, Worth crosses the line between opining on State Farm's compliance with industry standards and offering legal conclusions. For example, Worth's opinions that State Farm "breached the implied covenant of good faith and fair dealing" (Dkt. No. 103 at 10) and that State Farm violated various laws (*id.* at 16) are impermissible legal conclusions. *See Dentists Ins. Co. v. Yousefian*, No. C20-1076RSL, 2023 WL 4106220, at *7 (W.D. Wash. June 21, 2023) (striking expert opinion that insurer "acted reasonably and in good faith"). Similarly, the Court agrees with State Farm that certain aspects of Worth's report on whether a "theft" occurred are improper legal conclusions. *See, e.g.*, Dkt. No. 103 at 22 (opining on how "theft" should be interpreted in the policy), 23 (stating certain evidence

"supports the probability that the theft exists and was true"). These opinions intrude on the realm of the Court and are prohibited. *See Yousefian*, 2023 WL 4106220, at *7 (striking expert opinions that "offer interpretation of the policy language"). However, as part of Worth's opinion on insurance industry standards and claims handling practices, Worth may explore what State Farm should have considered "theft" when adjusting the claim, or what investigation State Farm should have conducted consistent with applicable industry norms.

In summary, while the Court will not exclude Worth on this basis, he (and any other expert offered by either party) will not be permitted to offer legal conclusions at trial.

## II.  CONCLUSION

For these reasons, State Farm's motion to exclude O'Neal's expert is DENIED. Dkt. No. 94.

Dated this 4th day of October, 2024.

Kymberly K. Evanson
United States District Judge