UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA S. O'NEAL,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CASE NO. C23-0232-KKE<br><br>ORDER |

The Court held a pre-trial conference in this matter on October 21, 2024, which this order further memorializes. *See* Dkt. No. 128.  The Court ORDERS as follows:

1. To the extent Plaintiff intends to provide additional briefing on damages as it relates to her Motion in Limine #11, she must do so by October 23, 2024, at 5:00 PM.

2. The Parties are directed to meet and confer in an effort to revise the pretrial trial order to resolve evidentiary issues in advance of trial and conform the pretrial order to Local Rule W.D. Wash. LCR 16.1.  Specifically, the parties must meet and confer regarding the disputed exhibits identified in the parties' proposed pretrial order and work to resolve objections as to the authenticity and admissibility of potential exhibits to the best of their ability.

ORDER - 1

3. The parties are further directed to revise their statement of facts in the pretrial order. Pursuant to Local Rule W.D. Wash. LCR 16.1, the pretrial order shall "[e]numerate every agreed fact, irrespective of admissibility, but with notation of objections as to admissibility." The pretrial order shall not include disputed facts, nor narrative objections. Objections shall be as to admissibility only, and shall be made in notation form, consistent with the notations in the exhibit chart.

4. The Court further advises the parties that it will not permit the testimony of witnesses who are not disclosed in the pretrial order absent a showing that the untimely disclosure is "substantially justified or harmless." *See* Fed. R. Civ. P. 16(e); *United States v. Lummi Indian Tribe*, 841 F.2d 317, 320–21 (9th Cir. 1988); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). The parties are reminded that pursuant to LCR 16, "rebuttal" witnesses are limited to those witnesses "the necessity of whose testimony cannot reasonably be anticipated before trial." All other witnesses must be identified in the pretrial order and failure to do so will result in their exclusion. *See, e.g.*, *Daly v. Far E. Shipping Co. PLC*, 283 F. Supp. 2d 1231, 1238–39 (W.D. Wash. 2003). The parties shall revise their pretrial order as necessary to list all witnesses whose testimony can be reasonably anticipated at this time.

5. The parties should also identify on their witness lists whether any witness will testify via remote means.

6. As discussed at the pretrial conference, if one party objects to the testimony of an expert witness on the ground that it is outside the scope of the expert's report, the offering party must be prepared to promptly respond to the objection by identifying with specificity the location in the expert's report that discloses the subject testimony. Counsel should

ORDER - 2

anticipate such objections and draft their direct examinations accordingly, so that prompt reference to the expert's report can be provided in the event of an objection.

Dated this 23rd day of October, 2024.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge

ORDER - 3