1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBRA S. O'NEAL,

               Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

               Defendant.

CASE NO. C23-0232-KKE

ORDER ON MOTIONS IN LIMINE

The Court has scheduled a jury trial in this matter for October 28, 2024. Dkt. No. 128. The parties have also timely filed their pretrial motions, including motions in limine. Dkt. Nos. 108, 112. During the pre-trial conference on October 21, 2024, the Court ruled on these motions as stated on the record and allowed Plaintiff to provide further briefing as to her Motion in Limine 11. Dkt. No. 128. This written order memorializes the Court's rulings from the pre-trial conference.

## I.       FACTUAL BACKGROUND

This case arises from Plaintiff Debra O'Neal's denied insurance claim for the loss of her personal items stored at a storage facility. Dkt. No. 24-1. In May 2019, Defendant State Farm Fire and Casualty Company ("State Farm") issued a renewal certificate for a renters policy number

47-BT-G139-9 ("Policy") to O'Neal to insure her personal property from June 28, 2019, to June 28, 2020.  Dkt. No. 18-1 at 3.  O'Neal claims that during this policy period, she stored many personal belongings at a storage facility owned by Friends & Family Moving & Storage (the "Storage Facility").  Dkt. No. 1-1 ¶ 3.5.  She also alleges that on March 18, 2020, O'Neal discovered that her personal items were missing.  Dkt. No. 25 at 3.  Over the next 15 months, the parties exchanged information and investigated the claim.  On November 15, 2021, State Farm denied O'Neal's claim.  Dkt. No. 24-11 at 1.  O'Neal now sues State Farm, alleging violations of the Insurance Fair Conduct Act ("IFCA").[1]  Dkt. No. 1-1 at 8.

## II.   MOTIONS IN LIMINE

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  To resolve motions in limine, the Court is generally guided by Federal Rules of Evidence 401 and 403.  Specifically, the Court considers whether evidence is relevant, meaning that it "has any tendency to make a fact more or less probable than it would be without the evidence" and that "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The Court may exclude even relevant evidence, however, if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The Court notes that the findings and conclusions in this order, like all rulings in limine, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented.  *See, e.g.*, *Luce*, 469 U.S. at 41 (explaining that a ruling in limine "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the

---

[1] Plaintiff also asserted a breach of contract claim, which the Court dismissed on summary judgment.  Dkt. No. 64.

ORDER ON MOTIONS IN LIMINE - 2

1   … proffer" and that "even if nothing unexpected happens at trial, the district judge is free, in the

2   exercise of sound judicial discretion, to alter a previous in limine ruling").

3   **A.     O'Neal's Disputed Motions in Limine[2]**

4       1.   Motion in Limine 3 and 4: Evidence or Witnesses Not Disclosed During Discovery

5           O'Neal seeks to exclude evidence and witnesses that State Farm did not timely disclose

6   during discovery.  Dkt. No. 112 at 3.  Yet, O'Neal admits that she "is not aware at this time of any

7   evidence Defendant intends to use at trial that [it] has failed to timely disclose."  *Id.* at 3, 4.

8           This request for a categorical exclusion is both premature and inappropriate for a motion

9   in limine.  *See Motion in Limine*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining a motion

10  in limine as a pretrial request made when a party "believes that mere mention of the evidence

11  during trial would be highly prejudicial and could not be remedied by an instruction to disregard").

12  The Court generally agrees that if State Farm failed to timely disclose information or identify a

13  witness as required by Federal Rule of Civil Procedure 26, it would not be allowed to use that

14  information or call that witness at trial absent a showing that such failure is substantially justified

15  or harmless.[3]  Fed. R. Civ. P. 37(c)(1).  O'Neal reserves the right to object if State Farm attempts

16  to improperly submit such evidence to the jury.  But because O'Neal does not specifically identify

17  any undisclosed evidence or witnesses at this time, the Court denies these motions without

18  prejudice to renewing them at trial.

19

20

21  [2] For clarity, the Court distinguishes each of O'Neal's motions in limine by the subheadings and numbers used in her brief.  *See* Dkt. No. 112.

22  [3] In its October 23, 2024 order, the Court clarified to the parties that "it will not permit the testimony of witnesses who are not disclosed in the pretrial order absent a showing that the untimely disclosure is 'substantially justified or

23  harmless.'"  Dkt. No. 130 at 2 (citing Fed. R. Civ. P. 16(e); *United States v. Lummi Indian Tribe*, 841 F.2d 317, 320–21 (9th Cir. 1988); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011)).  The Court also reminded the parties that "rebuttal" witnesses are limited to those "the necessity of whose testimony

24  cannot reasonably be anticipated before trial."  *Id.*

1

2.  <u>Motion in Limine 5: Non-Party Lay Witnesses</u>

2

O'Neal moves the Court to exclude from the courtroom all non-party witnesses, except the

3

parties' corporate representatives and expert witnesses.  Dkt. No. 112 at 4.  O'Neal also requests

4

that the Court prohibit witnesses from sharing testimony with each other.  *Id.*

5

In its response, State Farm states that it "does not object to O'Neal's motion so long as its

6

expert and corporate representative are not barred from the proceedings."  Dkt. No. 123 at 4.  At

7

the pre-trial conference, the parties agreed on the record that only State Farm's corporate

8

representative and expert witness would attend the trial.  As such, the Court grants this motion as

9

unopposed.

10

3.  <u>Motion in Limine 6 – Non-Appearance of O'Neal's Witnesses</u>

11

O'Neal also moves the Court to bar argument or reference that construes a witness's failure

12

to appear against Plaintiff.  Dkt. No. 112 at 5.  According to O'Neal, several witnesses identified

13

by O'Neal have been served, but ignored noticed of depositions and thus may not appear at trial.

14

*Id.*  O'Neal argues that reference to their unwillingness to comply with subpoenas would be highly

15

prejudicial to O'Neal and potentially mislead the jury.  *Id.*  Several of these unresponsive witnesses

16

are associated with Friends & Family Moving & Storage, which O'Neal alleges stole her property.

17

*Id.*

18

Whether or not O'Neal has adduced sufficient evidence to prove her claims is a fair subject

19

of argument by State Farm.  Beyond that, on this record, the Court cannot evaluate whether specific

20

arguments relating to specific witnesses would or would not unfairly prejudice the O'Neal.  As

21

such, the Court denies this motion without prejudice to O'Neal raising specific objections at trial

22

as appropriate.

23

24

4. <u>Motion in Limine 7 – Expert Testimony on Matters Outside of Their Report</u>

O'Neal moves the Court to bar State Farm's expert from testifying on any matter outside of their expert report or supplemented response. Dkt. No. 112 at 6 (citing Rule 26(a)(2)). Similar to O'Neal's third and fourth motions, this request is premature. While as a general matter, O'Neal is correct that experts will be limited to their subjects of their reports, O'Neal fails to identify information it believes State Farm's experts will improperly testify to or any actual dispute. Thus, the Court denies this motion without prejudice to raising appropriate objections at trial. The parties are reminded of the Court's order with respect to objections of this nature. *See* Dkt. No. 130.

5. <u>Motion in Limine 8 – Lay Witness "Opinion" Testimony</u>

O'Neal argues that State Farm's lay witnesses, particularly those who are State Farm claims handlers, may not testify on insurer standards, as such testimony requires "the kind of specialized knowledge that should be restricted to expert witnesses." Dkt. No. 112 at 6 (citing Fed. R. Evid. 701 and 702). The Court denies this motion.

The Court agrees that lay witnesses may not offer opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. However, at this stage, it is uncertain whether State Farm will call its claims handlers as lay witnesses, let alone whether these witnesses will provide "opinion" testimony on insurer standards. And not all lay "opinions" are inadmissible. State Farm's claims handlers may provide testimony based on their employment experience, which lends them certain expertise in claims handling, investigation, evaluation, negotiation, and settlement at State Farm. Such "opinions" would be "rationally based on [their] perception." *United States v. Hairston*, 64 F.3d 491, 493 (9th Cir. 1995); Fed. R. Evid. 701, Advisory Committee's Notes—2000 Amendment. Given the hypothetical nature of this dispute at this juncture, the Court denies the motion at this time.

6.  <u>Motion in Limine 9 – O'Neal's Expert's California Residence</u>

O'Neal seeks to exclude argument or reference to her expert's residence in California.  Dkt. No. 112 at 7.  According to O'Neal, such discussion is irrelevant and prejudicial to her because Mr. Worth's residence in California is not probative of whether State Farm unreasonably denied her insurance claim.  *Id.*

O'Neal's argument is unpersuasive.  In denying State Farm's motion to exclude O'Neal's expert, the Court concluded that Mr. Worth's experience, or lack thereof, in Washington law may be probed during cross-examination even if does not provide sufficient basis for exclusion.  Dkt. No. 114 at 2.  Where Mr. Worth primarily resides and works goes to this line of questioning, and the jury may then determine Mr. Worth's credibility as an expert on Washington insurance cases.  Therefore, this motion is denied.

7.  <u>Motion in Limine 10 – Reasons for Denial Not Mentioned in Writing</u>

O'Neal moves the Court to limit State Farm's argument to the reasons it detailed in its original denial letter.  Dkt. No. 112 at 8.  In response, State Farm argues that it is "entitled to provide the jury with context regarding the basis for the denial of O'Neal's claim."  Dkt. No. 123 at 8.  The Court agrees with State Farm.

O'Neal's argument invokes equitable estoppel principles.  Under Washington law, the Court may preclude insurers from introducing new or changed bases for denying insurance coverage once litigation has commenced.  To estop State Farm from raising grounds it did not assert in the denial letter, O'Neal must show that State Farm "knew or should have known of the additional grounds when it denied coverage" and that O'Neal "suffered prejudice from the insurer's failure to raise the new grounds in its initial letter."  *Jones v. State Farm Fire & Cas. Co.*, No. C17-1058RSL, 2018 WL 4281532, at *7 (W.D. Wash. Sept. 7, 2018) (citing *Hayden v. Mut. of Enumclaw Ins. Co.*, 1 P.3d 1167, 1171 (2000) (discussing the Washington Administrative

Code's requirements for written denial of coverage)); *Karpenski v. Am. Gen. Life Cos., LLC*, 999 F. Supp. 2d 1235, 1245 (W.D. Wash. 2014). O'Neal has not identified what new, alternative arguments she believes State Farm plans to make or satisfied either condition for estoppel. Moreover, at the pre-trial conference, State Farm clarified that it did not intend to assert any new bases for the denial of O'Neal's claim. Accordingly, the Court denies this motion.

8.  Motion in Limine 11 – Validity of Inventory or Loss Amount

O'Neal seeks to bar State Farm from questioning the inventory or loss amount because it did not dispute this value during the investigation and claims process. Dkt. No. 112 at 8. She further contends that a Washington state court has already determined that the inventory was accurate after hearing proof on damages. *Id.* at 9; Dkt. No. 1-1 at 5. However, the decision O'Neal cites is a default judgment against a non-party. *See O'Neal v. Friends & Family Moving & Storage, Inc.*, No. 21-2-10669-9-KNT, Dkt. No. 24-9. During the pre-trial conference, O'Neal asked for the opportunity to provide authority supporting its proposition that this default judgment should preclude State Farm from challenging the value of O'Neal's lost personal property. The Court allowed O'Neal to submit this authority via supplemental brief, but O'Neal's supplemental brief did not address this issue.

Thus, upon review of the parties' briefs and oral arguments during the pre-trial conference, the Court denies this motion. The Court remains unpersuaded that State Farm should be precluded from testing at trial O'Neal's claimed losses.

9.  Motion in Limine 12 – Reopening Resolved Issues

O'Neal moves the Court to preclude State Farm from re-arguing whether the "police report concluded that this is a civil dispute over lost property, not theft." Dkt. No. 112 at 9. According to O'Neal, the Court has already resolved this issue in her favor. O'Neal also seeks to exclude any

argument on affirmative defenses that State Farm dismissed upon stipulation with O'Neal. *Id.* This motion is denied in part and granted in part.

In its order on State Farm's motion for summary judgment, the Court found that the police report "is not evidence of what occurred" and does not conclusively establish "that this is a civil dispute over lost property, not theft." Dkt. No. 64 at 7. The Court did not provide a factual finding, but rather held that the cause of O'Neal's loss is still disputed. Thus, State Farm may submit this evidence to the jury, who could then determine whether State Farm acted reasonably when it concluded that the police report did not sufficiently support O'Neal's insurance claim. However, the Court grants in part this motion as to State Farm's stipulated dismissal of affirmative defenses. State Farm may not relitigate dismissed defenses.

10. Motion in Limine 13 – O'Neal's Dismissed Breach of Contract Claim

O'Neal seeks to exclude reference or argument to her breach of contract claim, which the Court dismissed as untimely. Dkt. No. 112 at 9–10; Dkt. No. 64 at 4. She contends that such argument holds a substantial risk of prejudice and misleading the jury. O'Neal also claims that whether the contract was breached is "completely irrelevant to the bad faith denial of coverage claim." Dkt. No. 125 at 10 (citing *Coventry Assocs. v. Am. States. Ins. Co.*, 961 P.2d 933 (Wash. 1998)). In response, State Farm contends that whether it breached its contract is probative to whether State Farm acted in bad faith. Additionally, State Farm argues that its defense partially depends on showing that just as O'Neal untimely asserted her contract claim, she also showed a lack of diligence in managing her property and cooperating with State Farm's investigation. Dkt. No. 123 at 12.

After hearing argument, the Court grants in part and denies in part this motion. Whether State Farm breached its contract with O'Neal is irrelevant to her IFCA claim. Likewise, the Court will exclude argument or references to how the breach of contract claim was ultimately dismissed.

However, the Court will allow State Farm to provide argument on O'Neal's entitlements under her policy, as that information remains relevant to State Farm's defense and is not prejudicial to O'Neal.

     11. <u>Motion in Limine 14 – Reference to O'Neal's Memory</u>

     O'Neal moves the Court to preclude State Farm from indicating that O'Neal has a bad memory and that her actions may have been reflective of this character trait. Dkt. No. 112 at 10 (citing Fed. R. Evid. 404(a)(1)). State Farm responds that information on O'Neal's memory is admissible for the purpose of attacking her credibility. Dkt. No. 123 at 12 (citing Fed. R. Evid. 608). At the pre-trial conference, O'Neal withdrew this motion. As such, this motion is denied as moot.

**B.**    **State Farm's Disputed Motions in Limine[4]**

     1. <u>Motion in Limine E: Remote Testimony by State Farm Representatives</u>

     State Farm moves the Court to allow its representatives living more than 100 miles of the courthouse to testify remotely under Federal Rule of Civil Procedure 45(c)(1). Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition … within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]"). While the Court will generally allow remote testimony if necessary in civil trials, it is unclear from State Farm's witness list if any witness is residing or working further than 100 miles from the courthouse. Dkt. No. 116 at 28–29, Dkt. No. 125 at 1–2. At the pre-trial conference, State Farm indicated that such accommodation would not likely be necessary. As such, this motion is denied without prejudice and subject to renewal at trial if necessary. State Farm is reminded that to the

---

[4] The Court distinguishes each of State Farm's motions in limine by the subheadings and letters used in its brief. *See* Dkt. No. 108.

extent it knows any such witnesses will need to testify remotely, it should so indicate on the pretrial order.

   2. Motion in Limine F: Evidence or Argument Related to Opinions of State Farm's Experts Before State Farm Presents its Case

State Farm argues that it holds a right to "effectively insulate [its] expert's opinion from consideration by the jury in the absence of exceptional circumstances[,]" and thus, moves the Court to bar O'Neal from calling State Farm's expert, Danette Leonhardi, at trial or referencing the expert's opinions during O'Neal's opening statement or case-in-chief. Dkt. No. 108 at 4–5. At the pre-trial conference, O'Neal agreed not to call Ms. Leonhardi as a witness or discuss or elicit testimony about the expert's opinion. Dkt. No. 125 at 3. O'Neal agrees that any discussion of such testimony will be limited to cross-examination, any rebuttal, and closing arguments. As such, the Court grants this motion as unopposed.

   3. Motion in Limine G: Non-party Lay Witnesses Attending Trial and Sharing Testimony with Other Witnesses

Federal Rule of Evidence 615(a) requires the Court to "order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony" at a party's request. Rule 615 excludes "any person whose presence a party shows to be essential to presenting the party's claim or defense." *Id.* At the pre-trial conference, State Farm agreed that only its corporate representative and expert witness would attend the entirety of the trial. O'Neal agrees this comports with the rule. As such, this motion is denied as moot.

   4. Motion in Limine H: O'Neal's Litigation-Induced Stress

State Farm seeks to exclude any argument or inference that the jury should consider any litigation-induced stress as part of O'Neal's damages. Dkt. No. 108 at 6–7. In response, O'Neal contends that in order to show State Farm's lack of reasonableness in support of her IFCA claim,

she should be permitted to testify regarding the time and investigation State Farm devoted to this litigation versus its initial coverage denial. Dkt. No. 125 at 7. For the reasons below, the Court grants in part and denies in part this motion.

There is no binding authority on whether litigation-induced stress is recoverable in the Ninth Circuit. Several courts in the Ninth Circuit have held that litigation-induced stress is not recoverable as a component of damages. *See, e.g.*, *Strugari v. Sagamore Ins. Co.*, No. 3:20-CV-00956-SB, 2022 WL 18865103, at *2 (D. Or. Nov. 10, 2022) (excluding evidence of litigation-induced stress in an underinsured motorist coverage case); *Lindfors v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-CV-00178-SLG, 2021 WL 6125771, at *2 (D. Alaska Dec. 28, 2021) (same); *Flowers v. First Hawaiian Bank*, 295 F. Supp. 2d 1130, 1140 (D. Haw. 2003), *aff'd sub nom. Flowers v. U.S. Army, 25th Infantry Div.*, 179 F. App'x 986 (9th Cir. 2006) ("Litigation stress is not recoverable as damages.") (non-insurance case); *N. Hosp. Grp., Inc. v. Poynter*, No. 3:22-CV-00012-JMK, 2022 WL 3028037, at *4 (D. Alaska Aug. 1, 2022) (non-insurance case). *See generally Clark v. United States*, 660 F. Supp. 1164 (W.D. Wash. 1987), *aff'd*, 856 F.2d 1433 (9th Cir. 1988) (discussing how "litigation is something that people do as a matter of choice, and it in and of itself and *separately from the underlying harm* can be a substantial stressor in the lives of individuals" (emphasis added)). In a partially unpublished case, a Washington state court has also found that "stress due solely to trial is not compensable." *Riccobono v. Pierce Cnty.*, 966 P.2d 327, 334 (Wash. Ct. App. 1998) (unpublished in part).

The Court recognizes and agrees with Plaintiff that under IFCA and recent Washington state case law, "actual damages" include noneconomic damages, such as emotional distress. *Beasley v. GEICO Gen. Ins. Co.*, 517 P.3d 500, 516 (Wash. Ct. App. 2022), *review denied*, 523 P.3d 1188 (Wash. 2023) (declining to follow *Schreib v. Am. Fam. Mut. Ins. Co.*, 129 F. Supp. 3d 1129 (W.D. Wash. 2015)). However, the authority on whether emotional distress damages under

IFCA encapsulate damages flowing from litigation is far from definitive. Plaintiff points to *Taladay v. Metropolitan Group Property and Casualty Insurance Company*, an unpublished case in this district involving IFCA violation claims. No. C14-1290-JPD, 2016 WL 3681469 (W.D. Wash. July 6, 2016). After a bench trial, the *Taladay* court found in plaintiff's favor and partly awarded damages based on "MetLife's unreasonable conduct in [the] case [which] created undue stress and substantial hardship for two vulnerable plaintiffs." *Id.* at *23. The district court emphasized that MetLife engaged in "[a]busive insurance practices" that "required plaintiffs to seek adjustment of their claim through motions practice and Court order, which is not contemplated by the insurance regulations." *Id.*

The Court is aware of a Washington state appeals case involving emotional distress caused by attorney ethical violations that occurred during litigation. *See Lock v. American Family Insurance Company*, 460 P.3d 683 (Wash. Ct. App. 2020). The trial court in *Lock* excluded evidence of an insured's emotional distress from the insurer's attorney's decision to directly send a settlement check to the insured while she had legal representation. *Id.* at 692. In a published opinion, the appeals court reversed, finding that "the adversarial nature of UIM litigation is still bounded by a reasonable expectation of good faith. Conduct is confined by the normal rules of procedure and ethics." *Id.*; *cf. Liu v. State Farm Mut. Auto. Ins. Co.*, No. CV 2:18-1862-BJR, 2021 WL 717540, at *4–5 (W.D. Wash. Feb. 24, 2021) (discussing when an insurer's litigation conduct may be admissible). However, nothing in *Lock* shows that the Washington appeals court intended to throw wide the gates and allow all evidence of litigation-induced stress into the jury room. And indeed, *Lock* provides a more persuasive basis for the Court's decision here, not *Taladay*'s broader, unpublished ruling from a district court. *See Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002) ("When the state supreme court has not spoken on an issue, we must determine what result the court would reach based on state appellate court opinions, statutes and treatises.").

1

2

3

4

5

6

7

8

9

In deciding this motion, the Court balances two competing principles.  First, the notion that litigation is a matter of choice—one that in and of itself can be substantially distressful and distinct from any harmful conduct from a defendant.  After all, a defendant should not be punished for seeking to defend itself in court, and the Court recognizes the potential chilling effect and prejudice to insurers.  *See Richardson v. Gov't Emps. Ins. Co.*, 403 P.3d 115, 123–24 (Wash. Ct. App. 2017).  Second, the Court considers IFCA's purpose to provide a broad range of remedies to insureds harmed by unfair and harmful conduct by insurers.  *See Beasley*, 517 P.3d at 516 ("[T]he legislative history of IFCA demonstrates that the act was intended to protect insureds and provide additional remedies ….").

10

11

12

13

14

15

16

17

18

Accordingly, the Court grants in part and denies in part this motion.  The Court will exclude evidence of emotional distress stemming from the adversarial nature of litigation, as exemplified in *Taladay* and offered in O'Neal's opposition.  *See* Dkt. No. 125 at 6 ("This is O'Neal's day in court to tell her story about the bureaucratic abuses by an insurer of its insured."), 6 (describing testimony relating to "the financial distress and additional anxiety and costs in litigating this matter").  The Court will allow the narrow category of evidence *Lock* describes—that is, emotional distress caused by conduct that violates the reasonable expectations of procedural rules and ethics, if any such conduct is alleged in this case.  O'Neal must make an offer of proof outside the presence of the jury before such evidence is offered.

19

5.  <u>Motion in Limine I: "Reptile Theory" or "Golden Rule" Arguments by O'Neal</u>

20

21

22

23

24

State Farm moves the Court to bar O'Neal from asking the jury to place themselves in O'Neal's position or to "send a message" to State Farm and other insurance providers by awarding punitive damages.  Dkt. No. 108 at 8 (describing such arguments as the "Reptile Theory" and "Golden Rule," respectively).  State Farm contends that such arguments "constitute improper nullification" because they require jurors to "depart from neutrality."  *Id.*  In response, O'Neal

agrees not to ask the jury to place itself in her position, but maintains that persuading jurors to "send a message" is explicitly allowed in IFCA contexts.  Dkt. No. 125 at 7–8.

O'Neal is correct.  Courts in this district have allowed parties to ask the jury to "send a message" in cases involving claims for punitive damages—including IFCA actions.  *Camper v. State Farm Fire & Cas. Co.*, No. 3:20-CV-5283-TLF, 2021 WL 5205608, at *4 (W.D. Wash. July 15, 2021) (citing *Seattlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 519 (9th Cir. 2004)). Accordingly, this motion is granted in part and denied in part.  O'Neal shall not ask the jury to place itself in her position but may argue that the jury can "send a message" by awarding punitive damages.

6.  <u>Motion in Limine J: The Parties' Relative Resources</u>

State Farm seeks to prohibit O'Neal from introducing evidence or arguments relating to State Farm's financial status or the disparity of financial situations between State Farm and O'Neal.  To State Farm, such information is irrelevant and unfairly prejudicial.  The Court agrees that State Farm's wealth, standing alone, is irrelevant to the issues at bar.  That said, information on the parties' respective financial situations should not be wholly excluded.  As O'Neal correctly points out, IFCA's purpose is to "protect individual policy holders from unfair practices by their insurer."  *Camper v. State Farm Fire & Cas. Co.*, 2021 WL 5205608, at *9 (citing *Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co.*, 312 P.3d 976 (Wash. Ct. App. 2013)). As such, evidence or arguments relating to O'Neal's wealth may be admitted to show that State Farm's conduct was directed at her because she was perceived as financially vulnerable.  *Id.*

Accordingly, this motion is granted in part and denied in part.  The Court excludes evidence related to State Farm's financial status and wealth and will consider O'Neal's offer of proof on a case-by-case basis.  O'Neal may seek to introduce evidence about her financial status

to show that State Farm perceived her as financially vulnerable to unfair or deceptive conduct but must make an offer of proof outside the jury's presence before providing such testimony.

       7.   <u>Motion in Limine K: Other Suits or Claims Against State Farm</u>

State Farm seeks to exclude evidence and testimony "about conduct by State Farm in other lawsuits." Dkt. No. 108 at 10. The Supreme Court has held that "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422–23 (2003). "A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." *Id.* at 423.

However, the Supreme Court also recognized a recidivist may be more severely punished than a first-time offender in the civil context, as long as courts ensure that the wrongful conduct "replicates the prior transgressions." *Campbell*, 538 U.S. at 410. The Court will thus not construe this holding as a complete bar against evidence relating to prior bad acts. "Rather, the relevance and similarity of prior bad acts is a question of fact." *Pizana v. SanMedica Int'l, LLC*, No. 118CV00644ADASKO, 2023 WL 8528640, at *7 (E.D. Cal. Dec. 8, 2023); *see also Niver v. Travelers Indem. Co. of Illinois*, 433 F. Supp. 2d 968, 979–80 (N.D. Iowa 2006) ("[I]t is ultimately for a jury to decide whether the evidence of prior misconduct is sufficiently like the misconduct at issue here to warrant punishing Travelers for 'recidivism' in an award of punitive damages."); *Beattie v. Provident Life & Accident Ins. Co.*, No. 04CV896-W(LSP), 2005 WL 8166041, at *3 (S.D. Cal. Sept. 23, 2005) (recognizing that *Campbell* "requires an evidentiary nexus between the type of evidence that can support a claim for punitive damages and the harm sustained by the plaintiff").

The Court thus grants in part and denies in part this motion. The Court excludes other claims and suits against State Farm premised on dissimilar acts from the conduct upon which

O'Neal bases her theory of liability. O'Neal must first make an offer of proof outside the jury's presence if she seeks to admit evidence of sufficiently similar prior bad acts.

       8.  <u>Motion in Limine L: State Farm's Conduct After this Matter Commenced</u>

State Farm lastly seeks to bar O'Neal from offering evidence or arguments on any changes to State Farm's claims handling procedures or operations, as well as references to O'Neal's allegations that State Farm violated Federal Rule of Civil Procedure 11. Dkt. No. 108 at 11. Plaintiff argues in response that "[f]acts that could have been raised under a Rule 11 motion" also bear on whether State Farm acted reasonably. Dkt. No. 125 at 10. O'Neal explains that practices "like not producing discovery and hiding evidence and witnesses as pre-trial practices" goes toward whether State Farm acted unreasonably. *Id.*

This motion is granted in part and denied in part. O'Neal's contention that State Farm violated Rule 11—even if O'Neal ultimately did not move for sanctions—is irrelevant to the issues here. State Farm's pre-trial practices do not weigh on whether State Farm reasonably denied her claim before O'Neal even contemplated commencing a lawsuit. However, the Court will permit O'Neal to submit evidence relating to changes in State Farm's claims handling procedures or operations if O'Neal can sufficiently show that such changes are tied to State Farm's disputed insurance contract with O'Neal and the conduct from which this case arises.

### III.  CONCLUSION

For the above reasons, the Court decides Plaintiff's disputed motions in limine (Dkt. No. 112) as follows:

- Motion in Limine 3 is DENIED;

- Motion in Limine 4 is DENIED;

- Motion in Limine 5 is GRANTED;

- Motion in Limine 6 is DENIED;

- Motion in Limine 7 is DENIED;

- Motion in Limine 8 is DENIED;

- Motion in Limine 9 is DENIED;

- Motion in Limine 10 is DENIED;

- Motion in Limine 11 is DENIED;

- Motion in Limine 12 is GRANTED IN PART and DENIED IN PART;

- Motion in Limine 13 is GRANTED IN PART and DENIED IN PART; and

- Motion in Limine 14 is DENIED as moot.

The Court also decides Defendant's disputed motions in limine (Dkt. No. 108) as follows:

- Motion in Limine E is DENIED as moot;

- Motion in Limine F is GRANTED;

- Motion in Limine G is DENIED as moot;

- Motion in Limine H is GRANTED IN PART and DENIED IN PART;

- Motion in Limine I is GRANTED IN PART and DENIED IN PART;

- Motion in Limine J is GRANTED IN PART and DENIED IN PART;

- Motion in Limine K is GRANTED IN PART and DENIED IN PART; and

- Motion in Limine L is GRANTED IN PART and DENIED IN PART.


Dated this 25th day of October, 2024.

Kymberly K. Evanson
United States District Judge