Honorable Judge Kymberly K. Evanson

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEBRA S. O'NEAL,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY,<br><br>    Defendant. | No. 2:23-cv-00232-KKE<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>NOTE ON MOTION CALENDAR:<br>DECEMBER 2, 2024 |

## I.    INTRODUCTION

Plaintiff Debra S. O'Neal requests pursuant to Federal Rule of Civil Procedure 54(d)(2)(A), to the Insurance Fair Conduct Act ("IFCA") RCW 48.30.015(1) & (3), and to *Olympic Steamship v. Continental Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991) that the Court award her reasonable attorney fees and costs as the prevailing first party insured in a claim against her insurer for unreasonable denial of coverage.

## II.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiff Debra O'Neal ("Plaintiff") insured through Defendant State Farm Fire and Casualty Company ("Defendant") her personal property held in a storage company and its predecessor. *See* Complaint, Dkt No. 6, ¶ 3.5 and ¶ 3.3.

PLAINTIFF'S RULE 54(D) MOTION FOR ATTORNEY FEES
2:23-cv-00232-KKE
Pg. 1 of 14

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

1    In 2020, Plaintiff filed a claim for coverage of her property after she discovered that the

2    storage company, Friends & Family Moving & Storage, stole her property. *Id*. ¶ 3.6. Plaintiff

3    put Defendant on notice of her claim for her stolen property in March 2020, but Defendant did

4    not acknowledge or respond to Plaintiff's communications for five months, and then only

5    impose burdens of investigation on the Plaintiff. *Id*. at ¶¶ 3.7–3.19. Defendant's delegation of

6    its duties to Plaintiff and her attorneys caused her to incur fees including in obtaining judgment

7    against the at-fault party. *Id*. at ¶¶ 10, 20-22 & 24.

8    Defendant eventually denied Plaintiff's claim coverage on November 15, 2021, stating

9    that "there is no evidence or indication that the personal property was stolen." *Id*. at ¶ 3.19.

10    In October, 2022, Plaintiff filed her claim against Defendant for unreasonable denial of

11    a claim for coverage arising under IFCA, , specifically RCW 48.30.015 in Washington state

12    superior court, but nonsuited her claim to comply with the notice requirements of RCW

13    48.30.015(8). *Id*. at ¶ 23.

14    On January 10, 2023, this matter commenced when Plaintiff properly served Defendant

15    through the Washington State Office of the Insurance Commissioner ("OIC") pursuant to RCW

16    RCW 48.30.015(8). *Id*., Ex. 7. Defendant then removed this case to federal court on February

17    16, 2023, causing Plaintiff to incur significant attorney fees and costs. *Id*. at ¶¶25 & 27.

18    After extensive motion practice, discovery, and multiple attempts for pretrial disposition

19    by both parties, the case eventually went to jury trial on October 28, 2024, through November

20    1, 2024. The jury returned a verdict for Plaintiff as a first party claimant under her insurance

21    contract with Defendant on her claim of unreasonable denial of a claim for coverage on

22    November 4, 2024 at approximately 2:35 PM, finding that Defendant State Farm did

23

PLAINTIFF'S RULE 54(D) MOTION FOR ATTORNEY FEES
2:23-cv-00232-KKE
Pg. 2 of 14

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

unreasonably deny the claim, did violate RCW 48.30.015(5) and awarded a total of $107,087.22 in actual and enhanced damages to O'Neal.

### III.    ISSUES PRESENTED

As the prevailing party having proved unreasonable denial of coverage by her insurer in this IFCA action, how much should the court award Plaintiff in reasonable attorneys' fees and untaxed costs?

### IV.    EVIDENCE RELIED UPON

This motion for Plaintiff's fees is based on the evidence, pleadings, and records submitted in this matter, together with:  the Declaration of Dubs Herschlip with Exhibits attached thereto including detailed invoices and an expert opinion regarding the reasonable range of attorney fees in a similar case in Western District of Washington; the Declaration of Noah Davis as to the reasonableness of these fees in particular; Plaintiff's motion to tax costs under LCR 54(d)(1); and a line-item list of costs provided in the form of a Bill of Costs form (AO-133).

### V.    ARGUMENT

#### A.  Legal Standard

Rule 54(d)(2)(A) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).  Rule 54(d)(2)(B) requires that the motion must be filed no later than fourteen (14) days after entry of judgment, specify the grounds entitling the movant to the award of attorney's fees, and state the amount sought or provide a fair estimate of it. *Id.* R. 54(d)(2)(B).

Plaintiff has satisfied the requirements of Rule 54(d)(2)(B) because this motion for attorney fees is filed within fourteen days after entry of judgment and specifies the grounds for

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, Mᴜᴋɪʟᴛᴇᴏ, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

1   and amount of attorney fees as RCW 48.30.015(1) & (3), Fed. R. Civ. P. 54 and *Olympic*

2   *Steamship*, and detailed statements of the amounts sought in the Declaration of Dubs Herschlip

3   as to Fees and Costs.  .

4   **B.  O'Neal is Entitled to Attorney Fees as a Prevailing Party Pursuant to RCW 48.30.015.**

5     IFCA provides a "first party claimant to a policy of insurance who is unreasonably denied

6   a claim for coverage or payment of benefits by an insurer may bring an action...to recover the

7   actual damages sustained, together with the costs of the action, including reasonable attorneys'

8   fees and litigation costs[.]" RCW 48.30.015(1).  IFCA requires a first-party claimant to "provide

9   written notice of the basis for the cause of action to the insurer and office of the insurance

10  commissioner" twenty days prior to filing an IFCA action. RCW 48.30.015(8)(a). Plaintiff did so

11  in October 2022, and Defendant admitted receipt of such notice in January 2023.

12    If the insurer fails to resolve the basis of the action, the claimant may bring their action

13  without further notice. RCW 48.30.015(8)(b). Defendant failed to resolve the basis for this action

14  and removed Plaintiff's action to federal court in February 2023.

15    Under IFCA, the insured Plaintiff must only establish that their insurer has unreasonably

16  denied: (1) a claim for coverage or (2) payment of benefits. *See Bennett v. Homesite Insurance*

17  *Company*, 636 F. Supp. 3d 1267, 1274 (W.D. Wash. 2022) (*citing Olympic S.S. Co. v.*

18  *Centennial Ins. Co.*, 117 Wn.2d 37)..

19    In *Olympic S.S*, the Court held that "[a]n insured who is compelled to assume the burden

20  of legal action to obtain the benefit of its insurance contract is entitled to attorney fees." *Olympic*

21  *S.S.*, 117 Wn.2d at 54. "But Olympic Steamship attorney fees are not awarded merely because an

22  insurer challenges liability or damages." *Colorado Structures, Inc. v. Ins. Co. of the W.*, 161

23  Wn.2d 577, 597-98, 167 P.3d 1125 (2007); *see also McRory v. N. Ins. Co. of N.Y.*, 138 Wn.2d

    550, 555, 980 P.2d 736 (1999) ("We have declined to award fees under this exception where the

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

1    case did not concern a coverage issue, but rather a dispute over the value of the claim after the

2    insurer had accepted coverage.").

3        Here, the insured Plaintiff established by way of a jury verdict that her insurer has

4    unreasonably denied her claim for coverage. *See* Dkt. #158.

5        *Olympic S.S.* fees are appropriate when "the conduct of the insurer imposes upon the

6    insured the cost of compelling the insurer to honor its commitment. . . ." *McRory*, 138 Wn.2d at

7    555.  Similarly, the Ninth Circuit has held that an "insured party is entitled to attorney's fees 'in

8    any legal action where the insurer compels the insured to assume the burden of legal action, to

9    obtain the full benefit of his insurance contract.'" *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d

10   1424, 1437 (9th Cir. 1995) (*quoting Olympic Steamship Co.*, 117 Wn.2d at 53). Here, Defendant

11   State Farm improperly imposed on Plaintiff O'Neal to the cost of assuming the burden of legal

12   action against Friends and Family, and the cost of compelling the Defendant-insurer to honor its

13   commitment, and so an award of attorney fees is appropriate under long standing Washington

14   insurance case law.

15       As noted above, the IFCA statute provides for an award of attorney's fees. RCW

16   48.30.015(1), (3).  RCW 48.30.015(3) requires that the court: "***shall***, after a finding of

17   unreasonable denial of a claim for coverage…award reasonable attorneys' fees …to the first

18   party claimant of an insurance contract who is the prevailing party in such an action." [Emphasis

19   added.] Here, Plaintiff prevailed as the first party claimant under her insurance contract with

20   Defendant State Farm. *See* Dkt. #158. Thus, an award of reasonable attorneys' fees is

21   appropriate.

## C.  Lodestar Analysis

In analyzing the propriety of attorney's fees to be awarded to a party, district courts in the

Ninth Circuit undertake a two-step "lodestar" analysis. *Welch v. Metropolitan Life Ins.*, 480 F.3d

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀʰ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

942, 945 (9th Cir. 2007). First, courts "establish[ ] a lodestar by multiplying the number of hours reasonably expended . . . by a reasonable hourly rate." *Welch*, 480 F.3d at 945. "The party seeking fees bears the burden of documenting the hours expended . . . and must submit evidence supporting those hours and the rates claimed." *Id*. at 945-46.

Here, Plaintiff, through counsel Dubs Herschlip submits evidence of invoices and records documenting the hours legal service providers reasonably expended on attempting to obtain coverage for Plaintiff's insurance claim and costs incurred, together with evidence supporting those hours and the reasonableness of rates claimed in the Herschlip Declaration that applies a lodestar analysis by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See* Herschlip Dec., ¶¶ 15, 17, 18, 20, 25, 27, and 37; *and see* Exs. A and E. In particular, Exhibits A and E document the hours expended with details of the work performed. *Id.* at Exs. A and E.

Therein, Plaintiff's counsel details his experience in litigating insurance coverage cases inside and outside federal court, as well as the experiences of his staff to support the rates charged for those services. *See* Herschlip Dec., ¶¶2-14, 15 and 18.

Further, Plaintiff corroborates the reasonableness of the rates requested herein with the declaration of another expert from a different case, Franklin Cordell (filed in the United State District Court for Western District of Washington at Seattle, Case No. 2:19-cv-01988-RSM), finding actual hourly rates of $475-$600 per hour to be entirely reasonable in the Seattle market for legal representation in federal insurance litigation.

Finally, Plaintiff provides an independent expert opinion on the reasonableness of the rates charged by Plaintiff's counsel and non-attorneys in Seattle area in the form of the Declaration of Noah Davis, a trial attorney with insurance litigation experience in federal and state courts, filed together herewith. *See* Davis Dec., ¶¶ 16-21.

PLAINTIFF'S RULE 54(D) MOTION FOR ATTORNEY FEES
2:23-cv-00232-KKE
Pg. 6 of 14

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

1

**1.      Reasonable Rate**

2

In determining reasonable hourly rates, the Court must look to the "prevailing market

3

rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003).

4

Here, Plaintiff provides three plaintiffs' attorneys in support of the prevailing market rates

5

charged by counsel for Plaintiff.  *See* Herschlip Dec., ¶¶2-14, 15 and 18 and Ex. B (Dec. of

6

Franklin D. Cordell); *and see* Davis Dec., ¶¶ 16-21 filed together herewith.

7

"Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the

8

community, and rate determinations in other cases, particularly those setting a rate for the

9

plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers*

10

*of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The relevant community is the

11

forum in which the district court sits. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979

12

(9th Cir. 2008).

13

Again, Plaintiff submitted declarations from three attorneys practicing in the Seattle area

14

where this District Court is located: (1) Dubs Herschlip; (2) Noah Davis (finding based on his

15

review that the Plaintiff's fees are reasonable based on the work performed, the experience of the

16

legal service providers billing, and the rates in the community); and (3) Franklin Cordell (finding

17

actual hourly rates of $475-$600 per hour to be entirely reasonable in the Seattle market for legal

18

representation in federal insurance litigation).  *See* Herschlip Dec., Ex. B.

2. Hours Reasonably Expended

19

In determining whether the hours expended by counsel were reasonable, the Court is also

20

required to independently determine whether the Plaintiff sustained its burden to demonstrate the

21

hours expended was reasonable. *MKB Constructors v. Am. Zurich Ins*. Co., 83 F. Supp. 3d 1078,

22

1087 (W.D. Wash. 2015) (citations omitted); *see also SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127,

23

PLAINTIFF'S RULE 54(D) MOTION FOR ATTORNEY FEES
2:23-cv-00232-KKE
Pg. 7 of 14

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀʰ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

144, 331 P.3d 40 (Wash. 2014) ("In determining an award of attorney's fees, the trial court may not rely solely on counsel's fee affidavit.").

To assist the court in independently determining whether the hours were reasonable, Plaintiff submits as Exhibits A, C and E actual detailed time entries showing with specificity what work was performed for each charge. *See* Herschlip Dec., Exs. A, C and E. First, Plaintiff has provided copies of invoices with detailed descriptions of the work performed, and a declaration attesting that such work was reasonable and necessitated by Defendant State Farm's delegation and dereliction of its duties under the insurance contract in attempting to obtain coverage from October 2020 to August 2022 and obtaining judgment against John Muse and Friends & Family Moving and Storage. *See* Herschlip Dec., Ex. C.

Then, to avoid charging for unproductive work from August 2022 to February 2023,, Plaintiff's counsel has removed charges for work performed (between obtaining a judgment against John Muse, and the Defendant's removal of this case to federal court) to anticipate and overcome Defendant's objections that work performed during that time was ineffectual and unnecessary. *See* Herschlip Decl., ¶23. Also, to avoid charging for unproductive work, administrative tasks, or duplicative entries, Plaintiff's counsel regularly no-charged ("[N.C.]") for services. *See* Herschlip Dec., Exs. A, C and E. Next, Plaintiff provides evidence of all worked performed in detailed time entries for the case since Defendant removed it to federal court from February 2023 to the last day of trial, November 1, 2024. *See* Herschlip Decl., Ex. A. After that time, Plaintiff provides detailed time entries with descriptions of all fees incurred since the last day of trial from November 4 to present. *See* Herschlip Decl., Ex. E.

The court has discretion to make reductions, "no greater than 10 percent," without providing "specific explanation," but must explain larger reductions. *See Moreno v. City of*

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, Mᴜᴋɪʟᴛᴇᴏ, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

*Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  In light of the reductions advanced by Plaintiff's counsel, Plaintiff requests that no further reductions be made.

Plaintiff's counsel has provided evidence his team expended 1,454.2 hours on this case for a lodestar fee of $554,611.50 after reductions for unproductive, duplicative and administrative time. *See* Herschlip Decl., ¶23 and Exs. A, C and E.

### a. Pre-Litigation Fees

Plaintiff respectfully requests that the Court decline to reduce Plaintiff's counsel's attorney's fees based on the time expended by Plaintiff's counsel pre-litigation (*see* Herschlip Dec., Ex. C) because the work done prelitigation was performed at the direction of Defendant State Farm in delegation of its duties to investigate, in violation of IFCA.  Further, Plaintiff is unaware of any authority demonstrating that *Olympic Steamship* or RCW 48.30.015(1) fail to provide for attorney's fees for pre-litigation activities.  RCW 48.40.015(1) provides for the recovery of "actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs," which is not on its face exclusive of attorney's fees and costs arising prior to when litigation formally commenced.  However, in order to facilitate the court's decision-making, Plaintiff's counsel has separately itemized the attorney fees and expenses prior to filing this action (*see* Herschlip Decl., ¶ 20-22 and Ex. C) and no-charged for time after obtaining judgment against John Muse, et al, and prior to removal of this action to federal court in February of 2023.  *See* Herschlip Decl., ¶ 23.

### b. Unproductive Time and Block Billing

Under Washington law, "[t]he total hours an attorney has recorded for work in a case is to be discounted for hours spent on 'unsuccessful claims . . . or otherwise unproductive time.'" *Miller v. Kenny*, 180 Wn. App. 772, 823, 325 P.3d 278 (Div. 1, 2014) (*quoting Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983)). Here, Plaintiff has only

PLAINTIFF'S RULE 54(D) MOTION FOR ATTORNEY FEES
2:23-cv-00232-KKE
Pg. 9 of 14

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

included fees and costs related to her attempts to comply with Defendant's coverage requirements, such as producing inventories with appraised values, police reports, and suing John Muse (*see* Herschlip Dec., Ex. C) and her fees and costs related to federal litigation of the unfair denial of her claim, in which she prevailed (*see* Herschlip Dec., Exs. A & E), and excluded time spent in unsuccessfully trying to sue State Farm in state superior court. *See* Herschlip Decl., ¶ 23.

In addition, "courts have repeatedly found that counsel's practice of 'lumping together multiple tasks[] mak[es] it impossible to evaluate their reasonableness.'" *MKB Constructors*, 83 F. Supp. 3d at 1087 (*quoting Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971, 359 U.S. App. D.C. 237 (D.C. Cir. 2004)). As a result, the court may exclude from the lodestar "any hours that are "excessive, redundant, or otherwise unnecessary," *Welch*, 480 F.3d at 946 (internal quotations and citation omitted), and has the "authority to reduce hours that are billed in block format." *Id*. at 948. Block billing is "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch*, 480 F.3d at 945 n.2 (internal quotations omitted); *see also Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010) (finding court did not abuse its discretion by reducing 80% of attorney's billable hours by 30% for block billing). Such hours may be excluded either by "conduct[ing] an hour-by-hour analysis of the fee request," or making "percentage cuts" to the "number of hours claimed." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (internal quotations and citations omitted).

"'An explicit hour-by-hour analysis of [the] lawyer's time sheet' is unnecessary as long as the court considers relevant factors and gives reasons for the amount awarded." *MKB Constructors*, 83 F. Supp. 3d at 1090 (*quoting Progressive Animal Welfare Soc'y v. Univ. of*

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

*Wash.*, 54 Wn. App. 180, 187, 773 P.2d 114 (Div. 1, 1989), *rev'd on other grounds*, 114 Wn.2d 677, 790 P.2d 604 (Wash. 1990)). Here, Plaintiff's counsel has already made such reductions by indicating with an "[N.C.]" time that was not actually charged (*see* Herschlip Decl., Exs. A, C and E), and by excluding all fees and costs incurred from August 2022 when judgment against John Muse, et al, was obtained to February 2023 when Defendant removed Plaintiff's IFCA claim to this federal court. *See* Herschlip Decl., ¶23.

### c. Unsuccessful Claims

Where a plaintiff succeeds on only some of her claims, the court must consider: (1) whether the unsuccessful claims were related to the claims on which she succeeded, and (2) whether the plaintiff achieved "a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995). Again, because Plaintiff was unable to timely obtain jurisdiction over Defendant in state court and it stipulated to dismissal of her prior breach of contract claim, she excluded all fees and costs incurred from August 2022 (when judgment against John Muse, et al, was obtained) to February 2023 (when Defendant removed Plaintiff's IFCA claim to this federal court). *See* Herschlip Decl., ¶ 23. Otherwise, Plaintiff was successful in the only claim she brought to trial: violations of IFCA, and prevailed in proving an unfair denial of coverage and in obtaining a jury verdict in an amount equal to the insurance policy limits under her insurance contract. Plaintiff asks that none of her fees be reduced further than the reductions she already offers in light of the fact that she was successful in her only claim-an IFCA violation.

### 3. Lodestar Adjustment

Only "in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Welch*, 480 F.3d at 946. "The lodestar amount is presumptively the reasonable fee amount, and

PLAINTIFF'S RULE 54(D) MOTION FOR ATTORNEY FEES
2:23-cv-00232-KKE
Pg. 11 of 14

DUNLAP BENNETT & LUDWIG PLLC
627 – 5TH ST., STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

1  thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and

2  exceptional cases, supported by [] specific evidence on the record and detailed findings . . . ."

3  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). When a reduction

4  in the fee award is appropriate, the court "may attempt to identify specific hours that should be

5  eliminated, or it may simply reduce the award to account for the limited success." *Schwarz*, 73

6  F.3d at 904 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 436-37, 103 S. Ct. 1933, 76 L. Ed. 2d

7  40 (1983)).

8      As to whether an adjustment to the lodestar upward or downward for the fees using a

9  multiplier is appropriate, there is nothing in the record that would countenance toward this being

10  a rare or exceptional case for an adjustment downward, but for adjustment upward: this was a

11  David versus Goliath story where Plaintiff was practically homeless and had a limited budget,

12  but had to take on the largest insurer in the nation (by market share). Thus, no adjustment

13  downward would be appropriate. *See Welch*, 480 F.3d at 945.

### iii. Non-Attorney Fees

14      The Court may also award reasonable fees for work performed by an attorney's non-

15  lawyer personnel. *See Absher Constr. Co. v. Kent Sch. Dist. No.* 415, 79 Wn. App. 841, 845-46,

16  917 P.2d 1086 (Div. 1, 1995). Plaintiff seeks legal assistant fees for 155.1 hours of work at two

17  hourly rates of $150 per hour (for Camdyn Joiner) and $195 per hour (for William Adan and

18  Ralph Jenkins). *See* Herschlip Dec., at ¶¶ 18, 21, 24, 27, 38 and Exs. A, C and E.

19

20

### iv. Costs

21

22

23

PLAINTIFF'S RULE 54(D) MOTION FOR ATTORNEY FEES
2:23-cv-00232-KKE
Pg. 12 of 14

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203, MUKILTEO, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (425) 298-3918
DUBS@DBLLAWYERS.COM
www.DBLLAWYERS.com

Finally, Plaintiff's requests an award of "actual and statutory litigation costs, including expert witness fees" itemized on Robert Worth's bill (*see* Herschlip Dec., Ex. D) pursuant to RCW 48.30.015(3) under LCR 54(d)(1), filed separately.

## VI.    CONCLUSION

Here, the jury found an unreasonable denial of claim for coverage or payments of benefits. Thus, the Washington legislature requires that the first party claimant be awarded reasonable attorney's fees (excluding taxable statutory costs and expert witness fees which are brought under separate motion). Plaintiff's attorney fees are $554,611.50.  *See* Decl. Herschlip ¶ 15, and Exs. A, C and E.

For the foregoing reasons, O'Neal requests this Court grant this Motion, and award Plaintiff her reasonable attorney fees and costs (excluding taxable costs) in the amount of $554,611.50.

I certify that this memorandum contains 3,668 words, in compliance with the Local Civil Rules.

Respectfully submitted,

November 18, 2024

Dubs. A. T. Herschlip, WSBA # 31652
Dunlap, Bennett & Ludwig, PLLC
627 – 5th St., STE 203
Mukilteo, WA 98275
Phone: (425) 903-3505
Fax: (425) 298-3918
Dubs@dbllawyers.com

*Attorney for Plaintiff*

DUNLAP BENNETT & LUDWIG PLLC
627 – 5TH ST., STE 203, MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (425) 298-3918
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM